IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                       Case No.  19-10055-JWB

EDGAR SANTIAGO,

        Defendant.

**MEMORANDUM AND ORDER**

This matter comes before the court on Defendant's motion to vacate sentence pursuant to 28 U.S.C. § 2255.  (Doc. 43.)  The motion has been briefed and the court is prepared to rule.[1] (Doc. 59.)  For the reasons stated herein, Defendant's motion is DENIED.

**I.      Background**

On March 26, 2019, Defendant was charged in a one count indictment with possession with intent to distribute 500 grams or more of a mixture containing methamphetamine in violation of 21 U.S.C. § 841(a)(1).  (Doc. 1.)  On July 30, 2019, Defendant appeared before the court with counsel, executed a plea agreement, and, after a hearing conducted pursuant to Fed. R. Crim. P. 11, entered a plea of guilty to count 1.  (Docs. 15, 16.)

Defendant's written plea agreement with the government provided, among other things: that the government would not file additional charges arising out of the facts forming the basis for the indictment; that the government would recommend a sentence at the low end of the applicable sentencing range under the United States Sentencing Commission Guidelines (the "Guidelines");

---

[1] Defendant has not filed a reply brief and the time for doing so has now passed.

that Defendant could argue for any sentence down to the statutory minimum; that Defendant waives his right to appeal the sentence unless the court sentences him as a career-offender or imposes a sentence above the Guidelines; Defendant waives "any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including … a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham,* 237 F.3d 1179, 1187 (10th Cir. 2001));" that Defendant does not waive any subsequent claim regarding ineffective assistance of counsel or prosecutorial misconduct; that Defendant had sufficient time "to discuss this case, the evidence, and this Plea Agreement with his attorney and he is fully satisfied with the advice and representation his attorney provided;" that Defendant has read the plea agreement and understands it, and agrees it is true and accurate and not the result of any threats, duress, or coercion; that the plea agreement supersedes all other agreements or negotiations and contains every term of the parties' agreement; and that Defendant acknowledges he is entering the plea agreement and the plea of guilty because he is guilty, and is doing so freely, voluntarily, and knowingly.  (Doc. 16 at ¶¶ 5, 9, 13, 14.)

Notably, the facts surrounding the crime were as follows:

On January 16, 2019, a trooper observed the Defendant's rental vehicle, with a CA license plate, go under the speed limit and swerve while in Seward County, near Liberal, Kansas. The trooper stopped the car, wrote Defendant a warning and released the Defendant from the traffic stop. At that time, the trooper asked Defendant if he would voluntarily answer a few more questions. Defendant agreed to voluntarily speak with the trooper and provided permission to search the vehicle. During the search, 15 packages of what field tested to be methamphetamine were found in the side quarter panels of the trunk. The 15 packages weighed approximately 16 pounds or 7.2 kilograms. The drug[s] were sent to the Kansas Bureau of Investigations Forensic Laboratory for testing. Two of the 15 packages were tested in the lab and found to be positive for a mixture or substance containing methamphetamine. The defendant now admits he was going to distribute the methamphetamine.

(*Id.* at ¶ 2.)

During the plea hearing, Defendant admitted that the facts in the plea agreement were true. (Doc. 50 at 20.)  The court advised Defendant that the statutory punishment for his crime was not less than ten years and up to a maximum sentence of life.  (*Id.* at 6.)  The court also engaged in the following colloquy with Defendant regarding a potential sentence:

> THE COURT: Without telling me any of the specifics of what you have discussed privately with your lawyer, have you discussed with your lawyer the application of the sentencing guidelines to your case, including the many specific factors that could increase or reduce the length of your sentence under the sentencing guidelines?
>
> THE DEFENDANT: Yes, Your Honor, I have.
>
> THE COURT: In addition to the guideline sentencing range, many other things will be considered by the court in fashioning an appropriate sentence, including the sentencing factors under Title 18 of the United States Code § 3553(a). And those include the nature and history of your crime and your own history and characteristics, how to reflect the seriousness of your offense, promote respect for the law, and provide just punishment for your crime, discouraging further criminal conduct by others, protecting the public from further crimes by you, providing you with effective correctional treatment, and avoiding unwanted sentencing disparities. Have you discussed these factors with your lawyer?
>
> THE DEFENDANT: Yes, Your Honor, I have.
>
> THE COURT: Do you think you generally understand the different factors that might affect your sentence in this case?
>
> THE DEFENDANT: I do, Your Honor, yes.
>
> THE COURT: Although your lawyer [has] estimated the likely range of your sentence based on his professional judgment and experience, neither your lawyer nor anyone else can say for certain what guideline sentencing range applies to your case until after presentence investigation [has] been completed and the court has resolved any disputed issues. Therefore, do you understand that the maximum sentence you mentioned earlier still could apply despite your lawyer's estimates and despite the terms of your plea agreement with the Government?
>
> THE DEFENDANT: Yes, Your Honor.

(*Id.* at 12-14.)

Defendant also testified that the plea agreement contained all of the promises and understandings between him and the government and that there were no side deals or oral agreements that were not set forth in the plea agreement. (*Id.* at 16.)

After entering his plea, the United States Probation Office prepared a Presentence Investigation Report ("PSR") in advance of sentencing. The PSR calculated Defendant's base offense level as 34, applied a 3-level reduction for acceptance of responsibility, making the total offense level 31. Defendant's criminal history category was VI, which resulted in an advisory Guidelines range of 188 to 235 months' imprisonment. (Doc. 17 at 15.) There were no objections to the PSR. (*Id.* at 19.) Defendant was sentenced on October 21, 2019. The court determined that the sentencing range was calculated correctly. (Doc. 54 at 9.) Defendant requested a downward variance to 144 months' custody. (*Id.* at 7.) The court denied the request and sentenced Defendant to 188 months. Judgment was entered on October 21. (Doc. 21.) No direct appeal was filed.

On October 26, 2020, this motion was filed. (Doc. 43.)[2] Liberally construing his motion, Plaintiff claims he received ineffective assistance of counsel in connection with his plea. He states the following:

> I gave up my rights to a certain sentencing my attorney and I agreed and to the United States of America Courts... I entered a plea agreement of 131-144 months. My sentence was 188 months. If I wouldve know I would backtake my plea agreement and went to trial for a fair sentencing. But in doing so I feel like my constitutional rights were violated.

(Doc. 43 at 5)(sic throughout).

---

[2] The motion was docketed on October 26. The motion indicates that Defendant prepared and signed it on October 16, 2020 and placed it in the prison mailing system on October 21. The Bureau of Prisons stamped the date of October 22, 2020, on the envelope. The government has not challenged the motion as untimely.

Defendant requests to be resentenced to his "original sentence that was for 121 or 131 months for taking my plea and giving up my rights for it."[3]  (*Id.* at 14.)  The government construed Defendant's claim as ineffective assistance of counsel even though Plaintiff does not specifically frame his claim in that manner.  Liberally construing his motion, Defendant contends that his plea was involuntary because he believed that he would receive a sentence between 131 to 144 months.

## II.     Standard

Section 2255(a) of Title 28 of the U.S. Code provides in part that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States … or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence."  Unless the motion and the record of the case conclusively show the prisoner is entitled to no relief, the court must promptly grant a hearing.  28 U.S.C. § 2255(b).  However, if it plainly appears from the motion, any attached exhibits, and the record that the moving party is not entitled to relief, the judge must dismiss the motion.  Rule 4(b), Rules Governing Section 2255 Proceedings.

## III.     Analysis

"The Sixth Amendment guarantees a defendant the effective assistance of counsel at 'critical stages of a criminal proceeding,' including when he enters a guilty plea."  *Lee v. United States*, 137 S. Ct. 1958, 1964 (2017) (citation omitted.)   "To demonstrate that counsel was constitutionally ineffective, a defendant must show that counsel's representation 'fell below an objective standard of reasonableness' and that he was prejudiced as a result."  *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984)).   A court considering a claim of

---

[3] Defendant makes no attempt to explain how the facts allege that he had an agreement of 131-144 months but then his prayer asserts that the agreement was for 121 or 131 months.

ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. *Strickland*, 466 U.S. at 689. To establish prejudice, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. When a defendant alleges that his attorney's deficient performance led him to accept a guilty plea rather than go to trial, a defendant "can show prejudice by demonstrating a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Lee*, 137 S. Ct. at 1965 (citation omitted.)

Defendant first alleges that his rights were violated because he entered a plea agreement of 131-144 months. Reviewing the plea agreement, however, it is clear that the parties did not agree to recommend a specific sentence to the court. Rather, the government agreed to recommend a low-end Guideline sentence. (Doc. 16 at ¶ 5.) Moreover, Defendant testified that there were no other agreements between him and the government other than those set forth in the plea agreement. Therefore, the plea agreement and Defendant's testimony do not evince an agreement that Defendant's sentence would be between 131-144 months.

Liberally construing his motion, Defendant could have believed that he would receive a sentence in the range of 131-144 months based on his counsel's representations. To establish the first prong of the *Strickland* test under Defendant's version of the facts, he must show that his counsel materially misrepresented the consequences of the plea. *United States v. Silva*, 430 F.3d 1096, 1099 (10th Cir.2005). "A miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993). Rather, Defendant

must show that counsel made "blatant and significant misrepresentations about the amount of time [defendant] would spend in prison," which are not predictions or estimates, but rather a promise that was relied on by Defendant at the time he entered into his plea. *See United States v. Oviedo-Tagle*, No. 11-40055-JAR, 2015 WL 4898648, at *6 (D. Kan. Aug. 17, 2015) (quoting *Mendoza v. Hatch*, 620 F.3d 1261, 1272 (10th Cir. 2010)). "[S]tanding alone, an attorney's erroneous sentence estimate does not render a plea involuntary." *Silva*, 430 F.3d at 1099.

Defendant has not alleged that his counsel made a promise regarding the sentence he was to receive. Rather, Defendant's vague assertions are simply that he had agreed to a plea agreement of 131-144 months. Moreover, Defendant is not even critical of his attorney in his motion, stating that his attorney was "more than capable." (Doc. 43 at 5.) Defendant also repeatedly testified that he understood that the undersigned was going to sentence Defendant and that while Defendant's attorney may have estimated the sentence, no one could be certain of the sentence Defendant would receive. At no time did Defendant claim that he had been promised a certain sentence. The court finds that Defendant has not made a showing that his counsel was ineffective in that he has failed to allege that his counsel made any significant misrepresentations, such as a promise that he relied on, regarding the sentence he would receive. *See Silva*, 430 F.3d at 1099.

Even if the court were to assume that a promise had been made and find that Defendant established deficient performance, Defendant alleges no facts to support any finding of prejudice. *See Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.") Defendant's motion states that if he had known that he would not receive a sentence of 131-144 months, he would not have entered a guilty plea, and would have proceeded to trial in order to obtain a fair sentence. (Doc. 43 at 5.) To show prejudice, Defendant must demonstrate by a

reasonable probability that he would have gone to trial but for counsel's errors.  *Lee*, 137 S. Ct. at 1965.  The court finds that Defendant's unsupported assertion in his motion does not meet this burden.

During the plea colloquy, Defendant repeatedly affirmed his understanding of how his sentence would be determined.  Importantly, Defendant stated that he understood that he could be sentenced up to the statutory maximum, which was life, and that the court would determine the ultimate sentence after the PSR was filed.  Defendant also testified that he understood that his attorney's calculation was an estimate and that no one could be certain of the sentence that he would receive.  In his plea petition, Defendant acknowledged that "the sentence I will receive is solely a matter within the control of the Judge."  (Doc. 15 at 4.)  He further acknowledged that if "anyone else, including my attorney, made such a promise [regarding the application of the Guidelines], suggestion, or prediction, except as noted in the previous sentence, I know that he had no authority to do so.  (*Id.* at 3.)  Defendant also acknowledged in his plea agreement that his sentence would be determined solely by the court.  (Doc. 16 at ¶ 6.)  At Defendant's change of plea hearing, Defendant testified that he read his plea agreement and his plea petition word for word.  The court explained to Defendant what the maximum sentence was that he could receive - life - and Defendant affirmed that he understood that the maximum sentence could be imposed in this case.  (Doc. 50 at 6.)  During this extended colloquy, the court informed Defendant of all the consequences of his plea.

In light of the court's explanation of the consequences of entering a guilty plea, Defendant's testimony that he understood those consequences, and the express statements in the plea petition and plea agreement regarding sentencing, Defendant's allegation that he would not have entered a plea and gone to trial is insufficient to establish prejudice.  *United States v.*

*Hamilton,* 510 F.3d 1209, 1216–17 (10th Cir. 2007). Moreover, as pointed out by the government, the evidence in this case was significant. Defendant was stopped by law enforcement, he consented to a search of the vehicle, and the trooper located 15 packages of methamphetamine in the quarter panels of the truck. (Doc. 50 at 18-19.) During the pendency of this case, Defendant did not make any legal challenges to the stop or search. Had Defendant proceeded to trial, the evidence in support of conviction was significant. Defendant would have been subject to a Guidelines range of 262 to 327 months' imprisonment instead of the range of 188 to 235 months' imprisonment. Facing such a significant difference in sentencing due to the points for acceptance of responsibility, Defendant has not shown that proceeding to trial would have been rational. *Cf. Heard v. Addison*, 728 F.3d 1170, 1184 (10th Cir. 2013) (defendant must make threshold showing that proceeding to trial would have been objectively rational under the circumstances.)

The court finds that Defendant has failed to show that, but for his counsel's actions, he would have insisted on going to trial. Moreover, Defendant has failed to show that his plea was involuntary. *See United States v. Saucedo-Avalos*, No. 14-20071-02-JAR, 2018 WL 2321952, *6 (D. Kan. May 22, 2018) ("Absent a believable reason justifying departure from their apparent truth, the accuracy and truth of a defendant's statements at a Rule 11 proceeding at which his plea is accepted are conclusively established.")

## IV.     Conclusion

Defendant's Motion to Vacate under § 2255 (Doc. 43) is DENIED.

An appeal from a final order on a § 2255 may not be taken absent a certificate of appealability, which may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The court concludes Defendant has failed to make such a showing and accordingly a certificate of appealability is DENIED.

IT IS SO ORDERED.  Dated this 19th day of February 2021.

                                              __s/ John W. Broomes_____
                                              JOHN W. BROOMES
                                              UNITED STATES DISTRICT JUDGE